UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LAMAR BROWN, 04-B-2750,

Petitioner,

-v-

SUPERINTENDENT KHAHIFA,

Respondent.

---

09-CV-869(MAT)
**ORDER**

## I. Introduction

*Pro se* petitioner Lamar Brown ("petitioner") seeks relief pursuant to 28 U.S.C. § 2254 alleging that his conviction in Erie County Supreme Court of Criminal Possession of a Controlled Substance in the Second Degree (N.Y. Penal Law ("P.L.") § 220.18(1)), a class A-II felony, was unconstitutionally obtained. Petitioner pleaded guilty on March 20, 2003, before Justice Penny M. Wolfgang. He was subsequently sentenced to an indeterminate term of imprisonment of six years to life.

## II. Factual Background and Procedural History

### A. Plea and Sentence

Petitioner was charged in a felony complaint with Criminal Possession of a Controlled Substance in the First Degree (P.L. § 220.21(1)), a class A-I felony. According to the Felony Information (Dkt. #15-1), Buffalo Police arrived at 228 Oakmont Avenue in the City of Buffalo to investigate a "violent domestic." Felony Information p. 1. After petitioner permitted police to enter

the residence, it was alleged that the officers observed and recovered multiple bags of cocaine that were in plain view in various places, including inside of an open backpack on the kitchen table, and next to a television in the living room. Id. at 1. It was also alleged that police recovered cocaine from a shoebox inside a hallway closet, a measuring cup containing powder cocaine, and a chunk of cocaine found on a scale in a kitchen cupboard. Id. In sum, the recovered cocaine was alleged to exceed four ounces in weight.[1] Id. If convicted of the A-I felony, petitioner faced a possible sentence of fifteen to twenty-five years to life. See P.L. § 70.00(3)(a)(i).[2]

Petitioner pleaded not guilty, waived a preliminary hearing, signed a waiver of indictment, and entered a guilty plea to second-degree drug possession under Superior Court Information ("S.C.I.") No. 21871. See Plea Tr. dated 3/20/2003. On May 19, 2004, he was sentenced as a second-felony offender to an indeterminate term of imprisonment of six years to life, to be served concurrently with a federal sentence imposed following petitioner's conviction of

---

[1] At the time of petitioner's conviction, Criminal Possession of a Controlled Substance in the First Degree required a person to knowingly and unlawfully possesses "one or more preparations, compounds, mixtures or substances containing a narcotic drug and said preparations, compounds, mixtures or substances are of an aggregate weight of four ounces or more." N.Y. Penal Law § 220.21 (McKinney 2004).

[2] In December, 2004, the New York legislature enacted the Drug Law Reform Act ("DLRA") which replaced the indeterminate sentencing scheme of the Rockefeller Drug Laws with a determinate system. See DLRA, ch. 738, § 23, 2004 N.Y. Sess. Laws 1474-75 (McKinney); see, e.g., People v. Pauly, 21 A.D.3d 595 (3rd Dept. 2005); P.L. § 60.04.

Conspiracy to Distribute Cocaine in the U.S. District Court of Western New York. See Sentencing Tr. dated 5/19/2004. Petitioner did not file a Notice of Appeal.

**B. Post-Conviction Relief**

On February 7, 2006, petitioner filed a state motion pursuant to N.Y. Crim. Proc. Law ("C.P.L.") § 440.10 to vacate the judgment of conviction on the grounds that: (1) the court did not have jurisdiction over the action or his person; (2) the judgment was procured by duress, misrepresentation, or fraud on the part of the court or the prosecutor; and (3) he was denied his right to the effective assistance of counsel. See Respondent's Exhibits ("Ex.") B. That motion was denied pursuant to C.P.L. 440.10(2)(c), which mandates dismissal of the motion where the defendant unjustifiably failed to argue such claims on direct appeal despite a sufficient record. See Decision of Supreme Court, Erie County (Wolfgang, J.), S.C.I. No. 21871, dated 5/26/2006 (Ex. B).

The Appellate Division, Fourth Department, granted leave to appeal the denial of petitioner's § 440.10 motion. Ex. C. A Notice of Appeal was subsequently filed and, through counsel, petitioner submitted a brief addressing whether petitioner was denied the right to the effective assistance of counsel when his attorney allowed him to waive indictment and plead guilty under a Superior Court Information. Ex. D. The Fourth Department affirmed the denial of the § 440.10 motion, holding:

> Although defendant is correct that the court lacked jurisdiction to permit him to waive indictment and consent to be prosecuted by [SCI] inasmuch as he was charged in the indictment with a class A felony, we nevertheless conclude that he is barred from raising that error by way of a motion to vacate the judgment pursuant to CPL 440.10. Where, as here, " sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review" of the defendant's contentions, the court must deny a motion to vacate the judgment.

People v. Brown, 59 A.D.3d 1058 (4th Dept. 2009) (quoting C.P.L. § 440.10(2)(c); other quotations and citations omitted), lv. denied, 12 N.Y.3d 851 (2009).

Petitioner then filed a petition for habeas corpus in this Court (Dkt. #1) on September 27, 2009[3], seeking relief on two grounds: (1) his guilty plea was unlawful because the state court did not have jurisdiction to waive indictment and proceed with a Superior Court Information; and (2) he received constitutionally ineffective assistance of counsel. Petition ("Pet.") ¶ 22(A)-(B).

For the reasons that follow, the petition is dismissed as time-barred.

## III. Discussion

### A. Timeliness

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a one-year

---

[3] See Houston v. Lack, 487 U.S. 266 (1998) (Explaining "prison mailbox rule").

statute of limitations applies to the filing of applications for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). In general, the one-year period runs from the date on which the petitioner's state criminal judgment becomes final. Ross v. Artuz, 150 F.3d 97, 98 (2d Cir.1998) (citing 28 U.S.C. § 2244(d) (1)(A)); accord Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir.), cert. denied, 531 U.S. 840 (2000). A conviction is considered "final" "once 'the judgment of conviction [has been] rendered, the availability of appeal exhausted, and the time for petition for certiorari ... elapsed.'" McKinney v. Artuz, 326 F.3d 87, 96 (2d Cir.2003) (quoting Teague v. Lane, 489 U.S. 288, 295 (1989) (citation and internal quotation marks omitted in original), citing Clay v. United States, 537 U.S. 522 (2003) (noting the "long-recognized, clear meaning" of "finality" in the post-conviction relief context as the time when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires")).

Here, petitioner did not file a Notice of Appeal from his judgment of conviction. Pet., ¶¶ 9-10. His conviction therefore became final for purposes of 28 U.S.C. § 2244(d)(1)(A) on June 18, 2004, when his time to file a Notice of Appeal expired. See Bethea v. Girdich, 293 F.3d 577, 578-79 (2d Cir.2002) (state court judgment became final when the thirty day period for filing a Notice of Appeal from judgment of conviction expired) (citing

C.P.L. § 460.10(1)). The one-year period in which he had to file his habeas petition therefore expired on June 18, 2005, and the petition, filed on September 27, 2009, is over four years past the expiration of the statute of limitations.

While petitioner did file a motion to vacate under C.P.L. § 440.10, it was not filed until February 7, 2006, Pet. ¶ 14, approximately eight months after the state of limitations expired. It therefore did not operate to toll the statute of limitations under 28 U.S.C. § 2244(d)(2). The filing of a collateral attack does not restart the statute of limitations period. As the Second Circuit made clear in Smith v. McGinnis, the "proper calculation of Section 2244(d)(2)'s toll provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run. 208 F.3d at 17. Stated another way, tolling extends the time to file a habeas petition by delaying the expiration of the statutory period, but has no effect once the period has expired. Because the statutory period expired prior to the filing of petitioner's § 440.10 motion, the tolling provision is inapplicable and the petitioner is untimely.

**1. Equitable Tolling**

Petitioner argues in his submissions to the Court (Dkt. ##4, 22) that, due to his counsel's ineffectiveness, he was unable to file and perfect a state appeal and therefore was unable to

properly preserve his claims for habeas review. Insofar as petitioner seeks to invoke the doctrine of equitable tolling, it is only applicable in "rare and exceptional" circumstances. Smith, 208 F.3d at 17. The statute of limitations period may be tolled, "only if [the petitioner] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, --- U.S. ----, 130 S.Ct. 2549, 2560–62 (2010) (internal quotation marks omitted). While the Second Circuit has held that an attorney's conduct, if sufficiently egregious, may constitute "extraordinary circumstances" to warrant equitable tolling of the one-year statute of limitations, petitioner has failed to show that the facts of this case rise to extraordinary circumstances. See Baldayaque v. U.S., 338 F.3d 145 (2d Cir.2003) (Attorney's failure to file a habeas petition on behalf of a prisoner, despite explicit directions from prisoner to do so, constituted extraordinary circumstances); Dillon v. Conway, --- F.3d ----, 2011 WL 1548955, (2d Cir.2011) (Equitable tolling was warranted where attorney filed petition one day late, believing the date on which it was filed was the last day, despite an explicit promise to prisoner that petition would not be filed on the last day; prisoner and his wife were persistent in maintaining contact with the attorney to ensure petition was timely filed).

Assuming petitioner's attorney failed to file a Notice of Appeal, petitioner does not demonstrate any connection between his attorney's deficiency, which relates to his appellate rights, and his ability to timely file the instant habeas petition. This is not a case where petitioner relied on statements by counsel that an action had been taken would toll the statute of limitations. See Baldayaque, Dillon, supra. His allegation that he "was under the false interpretation that counsel had filed the requested Notice of Appeal," Pet'r Reply at 9 (Dkt. #4), is unavailing in light of his attorney's sworn affirmation to this Court that petitioner "indicated to [him] that he was satisfied with the plea, understood the sentence, and saw no need to file a Notice of Appeal," Aff. of Joseph Terranova, Esq. ("Terranova") (Dkt. #15-2), and the fact that petitioner waived his right to appeal on the record. Plea Tr. 6. Moreover, petitioner does not provide evidence any of his attempts at contacting Terranova regarding a possible appeal[4], nor does he suggest that he ever contacted the Appellate Division to ascertain whether a Notice of Appeal had been filed after communication with his attorney had ceased. See, e,.g., Warren v. Kelly, 207 F.Supp.2d 6, 11 (E.D.N.Y. 2002) (petitioner, who failed

[4] Petitioner does provide a letter from the Erie County Bar Association's Assigned Counsel Program Administrator addressed to petitioner, notifying him that Terranova had been assigned to represent him in a petition for re-sentencing under the Rockefeller reform law. See Pet., Exhibit-F, Ltr. dated 1/9/2006. While this documents at least one attempt by petitioner to contact his attorney, it does not relate to his appeal and indeed was sent well after AEDPA's statute of limitations ended, much less within the thirty days he had to appeal the judgment of conviction.

to inquire about the status of his appeal during the time he sought to be tolled could not "use his own lack of diligence to toll the statute of limitations."). Notably, upon learning that Terranova did not file the Notice of Appeal sometime during the fall of 2004, Pet'r Reply at 4 (Dkt. #4), petitioner never sought an extension of time pursuant to C.P.L. § 460.30.

Most importantly, however, petitioner has not explained how his counsel's failure to file a Notice of Appeal affected his actual ability to timely file his habeas petition. See Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir.2000) (stating that there must be a "link of causation" between the extraordinary circumstances and the delay in filing); Raynor v. Dufrain, 28 F.Supp.2d 896, 900 (S.D.N.Y.1998) ("[E]ven if petitioner's attorney failed to file a notice of appeal in the instant case, this failure had no bearing on his actual ability to pursue habeas relief."); Bowman v. Walsh, No. 07-CV-3586 (BMC), 2007 WL 2815711, *2 (E.D.N.Y. Sept. 25, 2007) ("Not every petitioner appeals his conviction, especially where, as here, the petitioner pled guilty. Nor is an appeal a necessary prerequisite to filing a timely habeas petition. Moreover, a diligent person in petitioner's circumstances would have discovered that no appeal had been filed.").

Even if Terranova's failure to file a timely Notice of Appeal were to constitute an extraordinary circumstances, petitioner failed to act with reasonable diligence throughout the period he

seeks to toll. Accordingly, the Court finds that petitioner has not provided a basis to invoke equitable tolling in this case.

**2. 28 U.S.C. § 2244(d)(1)(D)**

Even if the Court were to determine the statute of limitations in petitioner's case on the basis of another of AEDPA's triggering events, the petition would still be untimely. Section 2244(d)(1)(D) provides that the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner does not specify the date upon which he contends he actually discovered or could have discovered the factual predicate for his ineffective assistance claim relating to his attorney's failure to file a Notice of Appeal. Even if, giving petitioner the benefit of the doubt, the Court were to consider the date he discovered the factual predicate to be the date he filed his § 440.10 petition alleging ineffective assistance of counsel on February 7, 2007, the petition would still be untimely by nearly two years.[5] Accordingly, 28 U.S.C. § 2244(d)(1)(B) is inapplicable, and the petition is therefore time-barred.

**IV. Conclusion**

Because petitioner filed his federal habeas petition beyond AEDPA's one-year deadline, and because he was not entitled to

[5] If the statute of limitations commenced on February 2, 2007, pursuant to 28 U.S.C. § 2244(d)(1)(D), it would have run for one year, to February 2, 2008. The instant petition was filed on September 27, 2009, approximately one year and seven months following the expiration of the new limitations period.

sufficient statutory tolling during that period, or for equitable tolling, his federal petition is barred by the statute of limitations. His petition for a writ of habeas corpus must therefore be denied. No certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

S/Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated: June 20, 2011
Rochester, New York